UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZEN-NOH GRAIN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | NO. |
| | ) | |
| LISA JACKSON, in her official capacity | ) | SECTION |
| as Administrator, United States | ) | |
| Environmental Protection Agency, | ) | MAGISTRATE |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Zen-Noh Grain Corporation ("Zen-Noh"), for its complaint for declaratory and injunctive relief against Defendant, Lisa Jackson, in her official capacity as Administrator of the United States Environmental Protection Agency (the "Administrator" or "EPA"), states:

**I.
Parties**

1. Zen-Noh is a Louisiana corporation that operates a grain export facility in St. James Parish, Louisiana. Zen-Noh's St. James Parish elevator is located adjacent to property on which Consolidated Environmental Management, Inc. – Nucor Steel Louisiana ("Nucor") proposes to construct an iron manufacturing facility under color of authority of PSD Permit No. PSD-LA-740 (the "PSD Permit") and Part 70 operating permit No. 2560-00281-V0 (the "Part 70 Permit) (collectively, with the PSD Permit, the "Nucor Permits"), issued by the Louisiana Department of Environmental Quality ("LDEQ").

2.      Lisa Jackson is the Administrator of the United States Environmental Protection Agency and, in her official capacity, is responsible for implementing the requirements and mandates of the Clean Air Act, 42 U.S.C. § 7401, et seq. (the "Act").

3.      In particular, the Administrator shall, without discretion, object to the issuance of any permit that is not in compliance with the applicable requirements of the Act. 42 U.S.C. § 7661d(b)(1). If the Administrator does not object to the issuance of a permit, the Administrator shall grant or deny a timely petition to take such action within 60 days after the petition is filed. 42 U.S.C. § 7661d(b)(2). The Administrator shall also take measures necessary to prevent the construction of a major emitting facility that does not conform to the requirements for the prevention of significant deterioration of air quality ("PSD") set forth in Subchapter I, Part C of the Act. 42 U.S.C. 7477.

## II.
## JURISDICTION AND VENUE

4.      In this suit, Zen-Noh seeks a declaration that the Administrator has failed to perform certain nondiscretionary duties required under the Act and that the failure to perform these duties is a violation of the Act, and an order directing the Administrator to perform these nondiscretionary duties.

5.      The Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604(a), 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

6.      Venue is proper in this Court. 42 U.S.C. § 7604(c).

## III.
## FACTS

### The Petition

7.   In June 2009, Nucor submitted a revised application for permits to construct and operate a 6 million tons per year pig iron manufacturing plant in St. James Parish on property adjacent to the Zen-Noh export elevator.

8.   On about March 11, 2010, LDEQ issued notice of draft PSD and Part 70 permits for the proposed pig iron manufacturing plant.

9.   Zen-Noh submitted comments to LDEQ objecting to the issuance of the draft PSD and Part 70 permits, on April 19, 2010 and May 3, 2010. Zen-Noh also presented comments during the public hearing on the draft permits. Zen-Noh's comments were submitted timely, pursuant to the terms of the public notice and an extension granted by LDEQ.

10.   LDEQ issued the final PSD Permit and Part 70 Permit on about May 25, 2010.

11.   The PSD provisions in the Act prohibit the construction of major sources of regulated air pollutants unless the facility has received a PSD permit that assures, among other things, that best available control technology ("BACT") will be implemented for all sources of regulated air pollutants, and emissions from the proposed facility will not cause or contribute to air pollution in excess of a national ambient air quality standard ("NAAQS") or a maximum allowable increase ("PSD increment") for any pollutant. 42 U.S.C. § 7475.

12.   The Nucor Permits do not comply with the Act. Among other things, the permits do not require or properly support and document that BACT be implemented for all major sources of regulated pollutants, do not require that maximum achievable control technology ("MACT") be implemented for all sources of hazardous air pollutants ("HAPs"), and do not

demonstrate and ensure that emissions from the proposed pig iron manufacturing plant will not cause violations of any NAAQS or PSD increment.

13. On June 25, 2010, Zen-Noh filed a petition (the "Petition") requesting that the Administrator object to the issuance of the Nucor Permits and take such measures necessary to prevent construction of the Nucor facility, pursuant to the Administrator's authorities and non-discretionary duties under 42 U.S.C. § 7661d(b)(1) and § 7477. The Petition was timely filed within 60 days after the expiration of the 45-day review period provided in 42 U.S.C. § 7661d(b)(1). A copy of the Petition is attached as Exhibit 1 hereto.

14. The time for the Administrator to grant or deny the Petition expired on August 24, 2010.

15. On September 9, 2010, Zen-Noh served notice (the "Notice"), pursuant to 42 U.S.C. § 7604(b) and 40 C.F.R. Part 54, of the intent to file a citizen suit against the Administrator, pursuant to 42 U.S.C. § 7604(a)(2), for the Administrator's failure to perform a nondiscretionary duty under the Act, namely to grant or deny the Petition. The Notice was properly served on the Administrator, the Regional Administrator, LDEQ, and Nucor. A copy of the Notice is attached as Exhibit 2 hereto.

16. The Administrator has not objected to the issuance of the Nucor Permits, granted or denied the Petition, or taken such measures as are necessary to prevent construction of the proposed pig iron manufacturing plant.

### Additional Grounds for Objection to Issuance of the Nucor Permits

17. Construction of the proposed pig iron manufacturing plant has not commenced.

18. On about August 20, 2010, Nucor submitted an application for a PSD permit to construct a 5 million tons per year direct reduced iron ("DRI") manufacturing plant on the site of

the proposed pig iron manufacturing plant. Nucor submitted a revised application on about September 24, 2010. Nucor submitted the DRI permit application less than 18 month after Nucor submitted the June 2009 revised pig iron permit application. Copies of the DRI permit applications are attached as Exhibit 3 and Exhibit 4 hereto.

19.     The Nucor Permits, the application for the pig iron manufacturing plant, information made available for public review and comment prior to issuance of the Nucor Permits, and the Statement of Basis for the Nucor Permits do not include any reference to the DRI manufacturing plant or emissions from the DRI manufacturing plant.

20.     The Nucor Permits and the Statement of Basis for the Nucor Permits do not subject emission sources in the DRI manufacturing plant to the best available control technology for each regulated pollutant emitted, analyze the air quality impacts associated with the DRI manufacturing plant, or impose enforceable emission limitations or other conditions as are necessary to assure compliance with applicable requirements under the Act or the Louisiana State Implementation Plan.

21.     According to the DRI permit applications and public statements made by Nucor officials, Nucor intends to construct the DRI manufacturing plant before constructing the pig iron manufacturing plant. Exhibit 5 hereto contains copies of public statements issued by Nucor.

22.     According to the DRI permit applications, the proposed DRI and pig iron manufacturing plants will share several processes, including marine operations, conveyors, and material storage areas.

23.     According to the DRI permit applications and public statements made by Nucor officials, iron produced by the proposed DRI and pig iron manufacturing plants will be shipped

to Nucor steel manufacturing plants and will be fed to a future steel manufacturing plant Nucor intends to construct on the St. James Parish property.

24. The DRI permit application treats emissions from the proposed DRI manufacturing plant as being separate from the emissions from the proposed pig iron manufacturing plant, and does not demonstrate that aggregated emissions from the DRI and pig iron manufacturing plants will not cause an exceedance of all NAAQS and PSD increments.

25. Zen-Noh and the public have been denied the opportunity to review and comment on the air quality impacts of the aggregate DRI and pig iron manufacturing plant, in violation of 42 U.S.C. §§ 7470(5), 7475(a)(2), and 7475(e)(2).

26. Upon information and belief, emissions from the aggregate DRI and pig iron manufacturing plant will cause a violation of one or more NAAQS or PSD increments.

27. Upon information and belief, Nucor submitted the DRI permit application after LDEQ issued permits for the pig iron manufacturing plant for the purpose of avoiding the ambient air quality impact analysis, public participation, and other requirements under PSD.

28. The Nucor Permits must be terminated and the proposed DRI and pig iron manufacturing plants must be permitted under a single, aggregate PSD permit and a single, aggregate Part 70 permit. *See* Darryl D. Tyler, "Revised Draft Policy on Permit Modifications and Extensions," July 5, 1985, pp. 8-9, 13-15; *see, e.g.*, John B. Rasnic, "Applicability of New Source Review Circumvention Guidance to 3M-Maplewood, Minnesota," June 17, 1993 (finding that submittal of applications within 18 months of each other is strong evidence of an intent to circumvent preconstruction review).

29. On July 30, 2010, LDEQ issued a permit (the "LPDES Permit") pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342, authorizing construction and discharges

from the proposed pig iron permit. The LPDES Permit is based on Nucor's certification that the proposed pig iron manufacturing plant will not discharge process wastewater. Upon information and belief, the proposed DRI manufacturing plant will discharge process wastewater, at least until the proposed pig iron manufacturing plant is constructed.

30. Upon information and belief, treatment chemicals and processes necessary to treat process wastewater discharged by the proposed DRI manufacturing plant will result in emissions of regulated air pollutants subject to applicable requirements that are not reflected in the Nucor Permits, but the public and Zen-Noh have not been given an opportunity to review and comment on those emissions, or on wastewater discharges from the DRI manufacturing plant, because Nucor has not submitted an LPDES permit modification application for the DRI manufacturing plant.

31. On October 28, 2010, Zen-Noh requested LDEQ to terminate the PSD Permit and the LPDES Permit because neither is valid given Nucor's proposal to first construct the DRI manufacturing plant. A copy of the October 28, 2010 request is attached as <u>Exhibit 6</u> hereto. LDEQ has not responded to Zen-Noh's request.

## IV.
## Claims

### Count I:  Violation of 42 U.S.C. § 7661d(b)

32. Zen-Noh incorporates by reference the allegations in paragraphs 1-31 above.

33. The Administrator has a duty to object to the issuance of any permit that is not in compliance with the applicable requirements of the Act. 42 U.S.C. § 7661d(b)(1).

34. The duty imposed by 42 U.S.C. § 7661d(b)(1) is not discretionary.

35. If a timely petition is filed pursuant to 42 U.S.C. § 7661d(b)(2), the Administrator has a duty to grant or deny the within 60 days after the petition is filed. 42 U.S.C. § 7661d(b)(2).

36.  The duty imposed by 42 U.S.C. § 7661d(b)(2) is not discretionary.

37.  The Administrator's failure to object to the issuance of the Nucor Permits and failure to grant or deny the Petition by August 25, 2010 are violations of the Act.

### Count II: Declaratory Judgment, 28 U.S.C. § 2201.

38.  Zen-Noh incorporates by reference the allegations in paragraphs 1-37 above.

39.  Pursuant to 42 U.S.C. § 7661d(b)(2), in deciding whether to grant or deny a petition, the Administrator shall consider objections that were not raised during the public comment period if "the grounds for such objection arose after such period."

40.  Zen-Noh, the general public, and EPA had no opportunity to review or comment on the BACT or air quality impacts for the proposed DRI manufacturing plant -- or the aggregate DRI and pig iron manufacturing plant -- during the public comment period for the Nucor Permits because Nucor did not reveal the existence of its plan to construct the DRI manufacturing plant until after the Nucor Permits were issued and after the expiration of the time for filing petitions pursuant to 42 U.S.C. § 7661d(b)(2).

41.  Zen-Noh is entitled to declaratory and injunctive relief that the additional grounds for objection to issuance of the Nucor Permits, described in paragraphs 17-31, should be considered by the Administrator in deciding whether to object to the Nucor Permits.

### V.
### Prayer for Relief

Zen-Noh respectfully requests the Court to enter judgment for Zen-Noh and against the Administrator:

1)  Declaring that the Administrator's failure to perform the nondiscretionary duty to grant or deny the Petition within 60 days is a violation of the Act, 42 U.S.C. § 7661d(b)(2);

2)  Declaring that the Administrator's failure to object to the issuance of the Nucor Permits is a violation of the Act, 42 U.S.C. § 7661d(b)(1);

3) Declaring that the additional grounds for objection to issuance of the Nucor Permits are incorporated into the Petition;

4) Ordering the Administrator to consider the additional grounds for objection to issuance of the Nucor Permits;

5) Ordering the Administrator to grant or deny the Petition within 60 calendar days of this Court's ruling;

6) Ordering the Administrator to object to the issuance of the Nucor Permits;

7) Awarding Zen-Noh the costs of this litigation, including reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 7604(d); and

8) Granting all other just and proper relief for Zen-Noh.

Respectfully submitted,

BALDWIN HASPEL BURKE & MAYER LLC

_____
PAUL N. VANCE, T.A. (#13007)
JAMES G. BURKE, JR. (#3676)
1100 Poydras Street
Suite 2200
New Orleans, LA 70163
Jburke@bhbmlaw.com
pvance@bhmblaw.com
Telephone: 504.569.2900
Facsimile: 504.569.2099

Of Counsel:
J. Michael Bowman (Indiana Atty. No. 24804-49)
PLEWS SHADLEY RACHER & BRAUN LLP
1346 N. Delaware Street
Indianapolis, Indiana 46202
mbowman@psrb.com
Telephone: 317.637.0700
Facsimile: 317.673.0710

*Attorneys for Zen-Noh Grain Corporation*